ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
MATTHEW I. KNEPPER, ESQ.
Nevada Bar No. 12796
AKERMAN LLP
1160 Town Center Dr., Suite 330
Las Vegas, Nevada 89144
Telephone: (702) 634-5000
Facsimile: (702) 380-8572
Email: ariel.stern@akerman.com
Email: matthew.knepper@akerman.com

*Attorneys for Defendant Bank of America, N.A*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SARAH K. ASENJO,<br><br>                    Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, N.A. and EXPERIAN INFORMATION SOLUTIONS, INC.<br><br>                    Defendants. | Case No. 2:15-CV-00286-JCM-PAL<br><br>**DEFENDANT BANK OF AMERICA, N.A.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES** |

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, all pleadings and papers on file in this action, and on such other matters as may be presented to the Court at the time of the hearing.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

In her First Amended Complaint ("FAC"), Plaintiff Sarah Asenjo ("Plaintiff") alleges that Bank of America, N.A. ("Bank of America") violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.* when it furnished information to credit reporting agencies that Plaintiff was delinquent on two Bank of America credit accounts (the "Accounts") during the months of October 2010 through December 2010.  Plaintiff alleges that this information was inaccurate, and alleges that

{32837572;1}

1  Bank of America violated the FCRA by failing to delete or "correct" this reporting. Plaintiff,
2  however, does not allege that she was current on the Accounts during the months of October 2010
3  through December 2010. Instead, Plaintiff alleges that because she had filed bankruptcy in
4  September 2010, no derogatory information regarding Accounts should have been furnished to credit
5  reporting agencies while her bankruptcy proceeding was pending.

6      Plaintiff's FCRA claim fails as a matter of law, however, because the reporting of
7  delinquencies during the pendency of a bankruptcy proceeding is not inaccurate under the FCRA. In
8  fact, district courts within the Ninth Circuit have specifically held that such conduct cannot form the
9  basis of an FCRA claim. As one court in the Northern District of California found, "the FCRA does
10 not prohibit the accurate reporting, after discharge, of debts that were delinquent during the
11 pendency of the bankruptcy action…[r]eporting this information is neither inaccurate nor
12 misleading." *Mortimer v. Bank of America, N.A.*, ("*Mortimer v. Bank of America*") No. C-12-01959-
13 JCS, 2013 WL 1501452, at *10 (N.D. Cal. Apr. 10, 2013).

14     Plaintiff contends that it is inaccurate to report delinquencies during the pendency of a
15 bankruptcy proceeding because, according to Plaintiff, such reporting violates the automatic
16 bankruptcy stay imposed by 11 U.S.C. § 362 *et seq.*, which imposes a stay on a creditor's collection
17 activities while a debtor is in bankruptcy. Plaintiff's argument is without merit, however, as district
18 courts within Ninth Circuit have expressly held that the automatic stay provisions of the Bankruptcy
19 Code do not render an otherwise accurate report of a delinquency inaccurate for the purposes of the
20 FCRA. Additionally, in her FAC, Plaintiff has added the allegation that Bank of America's
21 reporting allegedly failed to comply with the Consumer Data Industry Association's Metro 2
22 guidelines. Plaintiff, however, does not allege what these guidelines are, nor does she allege that
23 Bank of America is obligated to comply with these guidelines. In any event, as is true with her
24 other arguments, courts within the Ninth Circuit have rejected the argument that failure to comply
25 with the Metro 2 format by furnishing information regarding post-petition delinquencies somehow
26 renders the reporting inaccurate.

27     This is Plaintiff's second attempt to state a cause of action against Bank of America, but
28 Plaintiff still does not allege any facts that Bank of America furnished inaccurate information

{32837572;1}     2

regarding the Accounts. For this reason, the FAC should be dismissed as to Bank of America without leave to amend.

## II.  FACTUAL ALLEGATIONS

Plaintiff alleges that she had two Accounts with Bank of America—one account beginning with account number 4264 (the "4264 Account") and a second account beginning with 7499 (the "7499 Account"). FAC ¶¶ 26, 42. Plaintiff alleges that she filed Bankruptcy with the United States Bankruptcy Court for the District of Nevada on September 30, 2010. FAC ¶ 16. The debts owed on the Accounts were included in Plaintiff's bankruptcy schedules. FAC ¶ 17. On April 18, 2014, Plaintiff received a bankruptcy discharge. FAC ¶ 18.

Four months after she received a bankruptcy discharge, Plaintiff received an Experian credit report, dated August 4, 2014, which reported historical credit information pertaining to the 4264 Account. *See* FAC ¶ 26. According to the Experian report, the 4264 Account had been 60 days past-due during the month of October 2010 and ninety days past-due in November 2010. FAC ¶ 26. Additionally, the Experian report stated that the 7499 Account had been 90 days past-due during the month of October 2010, 120 days past-due in November 2010, and charged-off in December 2010. FAC ¶¶ 41, 45.

Plaintiff does not allege that she was current on her Accounts between September 2010 and December 2010. Instead, Plaintiff alleges that Bank of America "should not have reported derogatory information on Plaintiff's Account[s] after September 2010 because Plaintiff filed for Bankruptcy on September 30, 2010." FAC ¶¶ 27, 43. Plaintiff also alleges that "while the automatic stay was in effect during the Bankruptcy, it was illegal for any of the Defendants to report any post-Bankruptcy derogatory collection information." FAC ¶ 22. Plaintiff additionally claims that Bank of America's reporting "did not comply with the Consumer Data Industry Association's Metro 2 reporting standards." FAC ¶ 24.

Plaintiff alleges that she disputed the reporting on the Accounts on September 8, 2014, but Bank of America did not delete the disputed information. FAC ¶¶ 28, 34, 44, 50. Based on these allegations, Plaintiff asserts a single cause of action for violation of the FCRA against Bank of America.

{32837572;1}                                3

Bank of America filed a motion to dismiss Plaintiff's original Complaint on May 4, 2015. Plaintiff then filed the FAC, in response to which Bank of America took its original motion to dismiss off-calendar. *See* Docket # 14. Plaintiff's FAC repeats, almost verbatim, the same allegations that were contained in the original Complaint. The only new allegations that Plaintiff has inserted in the FAC are that Bank of America's pre-bankruptcy contract terms with the Plaintiff were "no longer enforceable upon the bankruptcy filing, rendering the disputed information inaccurate," and the allegation that Bank of America did not comply with the Metro 2 guidelines. FAC ¶¶ 23-24.

### III.    LEGAL ARGUMENT

#### A.    Legal Standard For Motion Under Rule 12(b)(6)

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint to determine whether there is a "lack of cognizable legal theory," or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1988). Rule 8(a)(2) requires that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Proc. 8. The function of this pleading requirement is to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of her 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "All allegations of material fact are taken as true and construed in the light most favorable to plaintiff. However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996); *see also Twombly*, 550 U.S. at 555.

/ / /

{32837572;1}                                            4

**B.**     **Plaintiff Fails To State A Cause Of Action For Violation Of The FCRA**

    **1.**     **The Furnishing Of Delinquencies On The Accounts During The Pendency Of The Bankruptcy Proceeding Was Not Inaccurate Under The FCRA**

The sole cause of action that Plaintiff asserts in her FAC is for violation of the FCRA. The FCRA imposes obligations on persons or entities, such as creditors, that "furnish" information to credit reporting agencies. *See* 15 U.S.C. § 1681s-2. There are two components to a furnisher's obligations under Section 1681s-2 of the FCRA. Subsection (a) of Section 1681s-2 sets forth a furnisher's duty to report "accurate information" to the credit reporting agencies. Subsection (b) of Section 1681s-2 sets forth a furnisher's duty to conduct an investigation in response to a notice of dispute from a credit reporting agency. Although furnishers have obligations under both subsections, only subsection (b) contains a private right of action. *See Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1162 (9th Cir. 2009).

Under Section 1681s-2(b), a furnisher is required to conduct a "reasonable investigation" in response to notice from a credit reporting agency that a consumer disputes the accuracy of the furnisher's credit reporting. *Gorman*, 584 F.3d at 1155-56. If the furnisher's investigation determines that information being reported is "inaccurate or incomplete," the furnisher must update its reporting accordingly and prevent future misreporting by "modify[ing] that item of information," "delet[ing] that item of information," or "permanently block[ing] the reporting of that item of information." 15 U.S.C. § 1681s-2(b)(1)(E)(i)-(iii).

In order to state a claim under the FCRA, a plaintiff must allege that an inaccuracy existed in her credit reports. *Carvalho v. Equifax Information Services,* LLC, 629 F.3d 876, 890 (9th Cir. 2010) (holding that although the FCRA "does not on its face require that an actual inaccuracy exist for a plaintiff to state a claim, many courts, including our own, have imposed such a requirement"); *Kruse v. Experian Information Solutions, Inc.*, 471 Fed. Appx. 714, 715 (9th Cir. 2012) (holding that inaccuracies in credit report were required to maintain FCRA claim); *Klaizner v. Countrywide Financial*, No. 2:14-CV-1543 JCM, 2015 WL 627927, at *5 (D. Nev. Feb. 12, 2015) (holding that an element of an FCRA claim against a furnisher of credit information is an inaccuracy in the plaintiff's credit report); *Giovanni v. Bank of America N.A.*, C 12-02530, 2012 WL 6599681, *5 (N.D. Cal., Dec. 18, 2012) ("*Givovanni I*") ("The Court first considers whether [defendant] reported

{32837572;1}                                                         5

inaccurate information and, if necessary, then considers whether it is liable for failing to correct that information"); *Mortimer v. JP Morgan Chase Bank, N.A. ("Mortimer v. Chase")*, C 12-1936-CW, 2012 WL 3155563, *3 (N.D. Cal. August 2, 2012) ("This [FCRA] claim is insufficiently alleged because Mortimer has not asserted that [the bank] reported incomplete or inaccurate information in the first place.").

Here, Plaintiff alleges that Bank of America furnished inaccurate information when it reported historical, overdue payments on the Accounts that existed during the pendency of her bankruptcy proceedings.  Specifically, Plaintiff alleges that Bank of America "should not have reported derogatory information on Plaintiff's account[s] after September 2010 because Plaintiff filed for bankruptcy on September 30, 2010." FAC ¶¶ 27, 43.  However, several district courts, including those within the Ninth Circuit, have expressly rejected the exact argument made by Plaintiff, and have specifically held that a debt remains valid prior to a bankruptcy discharge and can be reported during bankruptcy proceedings. *See Mortimer v. Chase*, 2012 WL 3155563 at *2-4 (dismissing complaint where plaintiff alleged that creditor furnished delinquencies on account after plaintiff filed bankruptcy; court held that such information was not inaccurate under the FCRA); *Giovanni I,* 2012 WL 6599681 at *5-6 (holding same); *Mortimer v. Bank of America,* 2013 WL 1501452, at *9-11 (holding same); *Sheridan v. FIA Card Services, N.A.*, C13-01179-HRL, 2014 WL 587739, *5 (N.D. Cal. Feb. 14, 2014) (holding that it was it was "factually accurate" for defendant to report that plaintiff's accounts were past due during the months while her bankruptcy was pending, and further explaining that "such reporting of historically accurate information does not later become inaccurate under the FCRA when the debts are subsequently discharged through bankruptcy") [1].

In *Giovanni I*, the plaintiff alleged that the defendant creditor furnished inaccurate information when it reported that the plaintiff was delinquent on her credit card payments between

---

[1] *See also Harrold v. Experian Information Solutions, Inc.,* C 12-02987-WHA, 2012 WL 4097708, *4 (N.D. Cal. Sept. 17, 2012) ("[R]eports of delinquencies in payment while bankruptcy proceedings are still ongoing is not 'incomplete or inaccurate' information" within the meaning of the FCRA); *Evans v. Mercedes Benz Fin. Servs., LLC*, No. 11-11450, 2011 WL 2936198, at *3  (E.D. Mich. July 21, 2011) ("[P]laintiff alleges that [defendant] reported 'an invalid debt on Plaintiffs' [sic.] credit reports,'" but "her debt remained valid because plaintiff defaulted on the [credit obligation] and had not been discharged in bankruptcy as of the date of the complaint.").

the date she filed her bankruptcy petition and the date the bankruptcy court discharged her debt. *Giovanni I*, 2012 WL 6599681 at *1. The plaintiff alleged that it was misleading for the creditor to report her failure to pay while her bankruptcy case was pending. *Id.* at *5. The court disagreed, finding that accurate reporting of delinquencies during the pendency of a bankruptcy proceeding was not actionable under the FCRA. *Id.* at *5-6. The court ultimately dismissed these claims with prejudice. *See Giovanni v. Bank of America, N.A.*, (*"Giovanni II")*, 2013 WL 1663335, at *9 (N.D. Cal. Apr. 17, 2013). In doing so, the Northern District of California held that the reporting of plaintiff's credit balance as "charged off" prior to the date of the bankruptcy discharge similarly did not support liability under the FCRA. *See id.* at *7 ("The facts are that Giovanni owed money, she filed for bankruptcy, and stopped making payments. Before her bankruptcy was discharged, [defendant] 'charged off' the balance due…Giovanni does not explain what is inaccurate here.").

As was the case in the *Giovanni,* Plaintiff in this case alleges that after she received a discharge in bankruptcy in 2014, she learned that Bank of America had furnished delinquencies on the 4264 Account during the months of October 2010 and November 2010, which was during the time that Plaintiff's bankruptcy case was pending. FAC ¶¶ 26, 34. As to the 7499 Account, Plaintiff similarly alleges that Bank of America furnished delinquencies during the months of October 2010 and November 2010, and alleges that Bank of America reported a charge-off in December 2010. FAC ¶¶ 42, 45. Plaintiff does not allege that she was current on the payments owed on the Accounts during this time. Based on the law set forth above, Plaintiff does not set forth any allegations that the furnishing of the delinquencies or the charge-off between October 2010 and December 2010 was inaccurate. *Giovanni II*, 2013 WL 1663335, at *9; *Mortimer v. Chase*, 2012 WL 3155563 at *2-6.

As a new allegation to her FAC, Plaintiff contends that the reporting by Bank of America was inaccurate because the reporting was "based on Defendants' pre-bankruptcy contract terms with the Plaintiff, which were no longer enforceable upon the bankruptcy filing." FAC ¶ 23. However, this allegation completely contradicts the case law cited above. In each of the cases cited by Bank of America, the Court specifically held that the post-petition reporting of delinquencies on an account, which delinquencies were based on an account's terms, was not inaccurate as a matter of law. *See*

*e.g. Giovani II,* 2013 WL 166335, at *7; *Mortimer v. Chase*, 2012 WL 3155563, *3; *Evans,* 2011 WL 2936198, *3 (holding that debt remained "valid" prior to discharge in bankruptcy).

### 2. Plaintiff's Allegation That Bank of America Violated The FCRA By Reporting Delinquencies On The Accounts In Alleged Violation Of The Bankruptcy Stay Should Be Dismissed

Plaintiff also alleges that Bank of America furnished inaccurate information under the FCRA because it violated the automatic bankruptcy stay imposed by 11 U.S.C. § 362 when it reported delinquencies that existed on the Accounts during the pendency of the bankruptcy proceedings. *See* FAC ¶ 22. Again, however, this argument has been squarely rejected by district courts within the Ninth Circuit. For example, in *Mortimer v. Bank of America*, 2013 WL 1501452, at *10, the court explained, "The automatic stay does not render an otherwise accurate report of a delinquency inaccurate for the purposes of the FCRA." Similarly, in *Mortimer v. Chase*, 2012 WL 3155563, at *3, the court held that the reporting of delinquencies on an account that existed after a bankruptcy petition was filed is not inaccurate under the FCRA as a violation of the automatic bankruptcy stay. This is because the automatic stay provision of the Bankruptcy Code "does not stand for the proposition that an individual is not obliged to make timely payments on his accounts while his petition for bankruptcy is pending." *Id; see also Giovanni I*, 2012 WL 6599681, * 5 (holding same).

### 3. Plaintiff's Allegation That Bank of America Reported Inaccurate Information Because It did Not Comply with Metro 2 Reporting Standards Is Without Merit

Plaintiff's final argument is that Bank of America's reporting was inaccurate because it failed to comply with the Consumer Data Industry Association's Metro 2 reporting standards. The District Court in Court in *Giovanni II*, specifically rejected an identical claim by the plaintiff in that case on the grounds that the plaintiff had not alleged that Bank of America's failure to comply with the Metro 2 standards rendered its reporting inaccurate or incomplete. *Giovanni II,* 2013 WL 1663335, *6; *see also Mortimer v. Bank of America*, 2013 WL 1501452, *12 ("Defendant's alleged noncompliance with the Metro 2 Format is an insufficient basis to state a claim under the FCRA"). Similarly, Plaintiff in this case does not allege what the Metro II standards are or how Bank of America's reporting was allegedly non-compliant, nor does Plaintiff even allege any facts that Bank

{32837572;1}  8

of America was required to follow the Metro 2 Format.  In fact, Plaintiff simply alleges that these standards exist to "provide guidance."  *See* FAC ¶ 24.  Accordingly, Plaintiff's allegation that Bank of America failed to comply with the Metro 2 format, even if true, does not give rise to a claim under the FCRA.

## IV.   CONCLUSION

Plaintiff has not alleged that Bank of America furnished any inaccurate information regarding the Accounts to credit reporting agencies.  This fact is fatal to Plaintiff's FCRA claim.  Accordingly, since Plaintiff has now had two opportunities to attempt to state a claim against Bank of America, the FAC should be dismissed without leave to amend.

Respectfully submitted this 12th Day of June, 2015.

/s/ *Matthew Knepper*
ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
MATTHEW I. KNEPPER, ESQ.
Nevada Bar No. 12796
AKERMAN LLP
1160 Town Center Dr., Suite 330
Las Vegas, Nevada 89144
Telephone: (702) 634-5000
Facsimile: (702) 380-8572
Email: ariel.stern@akerman.com
Email: matthew.knepper@akerman.com

*Attorneys for Defendant Bank of America, N.A.*

{32837572;1}

9

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 4, 2015 and pursuant to Fed. R. Civ. P. 5(b), I served via the CM/ECF electronic filing system a true and correct copy of the foregoing **MOTION TO DISMISS AMENDED COMPLAINT TO:**

Danny Horen
7854 W. Sahara Avenue
Las Vegas, NV 89117
800-400-6808
Email: danny@kazlg.com
*Attorney for Plaintiff*

David H. Krieger
Haines & Krieger, LLC
8985 S. Eastern Avenue
Suite 130
Henderson, NV 89123
Email: dkrieger@hainesandkrieger.com
*Attorney for Plaintiff*

/s/ *Matthew Knepper*
An employee of AKERMAN LLP

{32837572;1}