UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SARAH ASENJO,<br><br>　　　　　　　　　　Plaintiff,<br>v.<br>BANK OF AMERICA, N.A., et al.,<br><br>　　　　　　　　　　Defendants. | Case No. 2:15-cv-00286-JCM-PAL<br><br>ORDER<br><br>(Mot Strike – Dkt. #13) |

Before the court is Defendant Experian Information Solutions, Inc.'s "Notice of Motion and Motion to Strike Plaintiff's Amended Complaint" (Dkt. #13). The court has considered the motion and Plaintiff's Opposition (Dkt. #17). Bank of America, N.A did not join in the motion but filed a Motion to Dismiss Plaintiff's First Amended Complaint (Dkt #18) on June 12, 2015.

The Complaint (Dkt. #1) in this case was filed February 18, 2105, and named Bank of America, N.A. and Experian Information Solutions, Inc. as Defendants. It alleges claims for violation of the Fair Credit Reporting Act ("FCRA") ,15 U.S.C § 1681. Bank of America waived service and its answer or first responsive pleading was due May 3, 2015. *See* Waiver of Service (Dkt. #5). Experian filed an Answer (Dkt. #6) March 13, 2015. Bank of America filed a Motion to Dismiss (Dkt. #9) May 4, 2015, and subsequently withdrew its motion on May 26, 2015. Plaintiff filed an Amended Complaint (Dkt # 12) May 20, 2015.

Bank of America's first Motion to Dismiss was based on Plaintiff's failure to allege that she was current on two accounts at issue in the complaint, or that Bank of America furnished inaccurate information regarding the accounts. Bank of America argued that Plaintiff failed to state a claim for violation of the Fair Credit Reporting Act because furnishing accurate information regarding delinquency on accounts during the pendency of a bankruptcy proceeding not prohibited as a matter of law. Additionally, Bank of America argued that the cases in this

1

Circuit have held that reporting account delinquencies during the pendency of a bankruptcy stay is not a violation of the FCRA.

The Amended Complaint appears to attempt to address these asserted deficiencies. However, it was filed without leave of court in violation of Fed. R. Civ. P 15 (a)(2) because it was filed more than 21 days after service of the original complaint and only after Experian had filed an answer (Dkt #6) and Bank of America had filed its first responsive pleading, a motion to dismiss under Rule 12(b)(6) (Dkt #9).  See Fed. R. Civ. P. 15 (1).  Under these circumstances leave of court is required.  Plaintiff should have obtained a stipulation to file an amended complaint or, failing that, filed a motion to amend attaching the proposed amended complaint as required by LR 15-1.  As leave to amend is liberally allowed, and Bank of America has already responded to the First Amended Complaint, the court will deny the motion to strike to avoid another round of motion practice on whether the Amended Complaint states a claim, and allow Experian to file an answer or other responsive pleading.

IT IS ORDERED:

1. Experian's Motion to Strike (Dkt #13) is Denied.
2. Experian shall have until **June 30, 2015** to file an answer or other responsive pleading.

DATED this 16th day of June, 2015.

PEGGY A. LEEN  
UNITED STATES MAGISTRATE JUDGE